IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GLORIA GONZALES[1] DE OZUNA
      PLAINTIFF

vs.        Civil No. 2:19-cv-02012

COMMISSIONER, SOCIAL               DEFENDANT
SECURITY ADMINISTRATON

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

  Gloria Gonzales De Ozuna ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Homes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1.  Background:**

  Plaintiff protectively filed her disability application on September 25, 2016. (Tr. 18).[2] In her application, Plaintiff alleges being disabled due to osteoporosis, arthritis, anxiety, depression,

---

[1] In her Complaint, Plaintiff's name is spelled as "Gonzales" while in her transcript it is spelled as "Gonzalez." The Court will spell her name the same way it is spelled in her Complaint (as "Gonzales").

[2] References to the Transcript will be (Tr.___) and refer to the document filed at ECF No. 9. These references are to the page number of the transcript itself, not the ECF page number.

migraine headaches, and GERD. (Tr. 173). Plaintiff alleges an onset date of January 1, 2013. (Tr. 18). Her application was denied initially and again upon reconsideration. (Tr. 60-81).

Plaintiff requested an administrative hearing on her denied application, and this hearing request was granted. (Tr. 32-59, 92-93). This hearing was held on March 15, 2018 in Fort Smith, Arkansas. (Tr. 32-59). At this hearing, plaintiff was present and was presented by counsel, James Miners. *Id.* Plaintiff and Vocational Expert ("VE") Montie Lumpkin testified at this hearing. *Id.* At this hearing, Plaintiff testified she was fifty-nine (59) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e) (2008) on her alleged disability onset date. (Tr. 38). Plaintiff also testified she only completed sixth grade in school in Mexico. *Id.*

On May 4, 2018, after the administrative hearing, the ALJ entered an unfavorable decision denying Plaintiff's disability application. (Tr. 15-31). The ALJ determined Plaintiff last met the insured status requirements of the Act on March 31, 2014. (Tr. 20, Finding 1). The ALJ determined Plaintiff did not engage in Substantial Gainful Activity ("SGA") during the period from her alleged onset date of January 1, 2013 through her date last insured of March 31, 2014. (Tr. 20, Finding 2). The ALJ determined that, through her date last insured, Plaintiff had the following severe impairments: generative disk disease, headaches, gastrointestinal disorders, and obesity. (Tr. 20, Finding 3). The ALJ also determined Plaintiff did not have an impairment or combination of impairments that meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 20-21, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 21-25, Finding 5). First, the ALJ evaluated Plaintiff's

subjective complaints and found they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that the claimant must use a handheld assistive device for prolonged ambulation.

(Tr. 21-25, Finding 5).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 25, Finding 6). Consider her RFC, the ALJ determined that through her date last insured, Plaintiff retained the capacity to perform her PRW as a poultry boner. *Id.* The ALJ determined this work did not require the performance of work-related activities precluded by her RFC. *Id.* Because Plaintiff retained the capacity to perform her PRW, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, at any time from January 1, 2013 (alleged onset date) through March 31, 2014 (date last insured). (Tr. 25-26, Finding 7).

Plaintiff sought review with the Appeals Council. (Tr. 1-3). On November 19, 2018, the Appeals Council denied this request for review. *Id.* On January 18, 2019, Plaintiff filed a Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 11-12.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's decision is not supported by substantial evidence in the record. ECF No. 11 at 1-17. Specifically, Plaintiff raises three arguments for reversal: (1) the ALJ erred by failing to fully and fairly develop the record; (2) the ALJ erred in his Step Two determination; and (3) the ALJ erred in his RFC determination. *Id.* Upon review, the Court finds the ALJ has not a supplied a sufficient basis for discounting Plaintiff's subjective complaints while assessing her RFC. Thus, the Court will only address Plaintiff's third argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these

are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.  *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

---

additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

In the present action, the ALJ did not comply with the requirements of *Polaski*. Instead, the ALJ based his credibility determination almost entirely upon the fact Plaintiff's subjective complaints were not supported by her medical records. (Tr. 21-25). In his opinion, the ALJ summarized Plaintiff's medical records and discounted Plaintiff's subjective complaints because they were not supported by the objective medical records:

> In sum, the above residual functional capacity assessment is supported by the record as a whole. The claimant's subjective complaints have been considered, but when they are weighed with the evidence as a whole, they do not support finding the claimant to have a more restrictive residual functional capacity. *Furthermore, the medical evidence of record does not lead to the conclusion that the claimant is as limited as alleged.* Lastly, the opinion evidence, as discussed above, does not support finding the claimant to have greater limitations than those in the residual functional capacity.

(Tr. 25) (emphasis added).

Based upon this review, the Court finds the ALJ discounted Plaintiff's subjective complaints based upon her medical records. *See Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Accordingly, because the ALJ provided an insufficient basis for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends it be **REVERSED AND REMANDED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 22nd day of January 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE